**CHUN HUA WENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2468–ag.**

United States Court of Appeals, Second Circuit.

June 12, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine; Willam J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

Present: JAMES L. OAKES, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Chun Hua Weng, through counsel, petitions for review of the BIA's April 2005 order affirming Immigration Judge ("IJ") Helen J. Sichel's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

Because Weng failed to meaningfully argue the issue of CAT relief and the IJ's determination that there was no nexus between the alleged actions of a son of a village cadre and one of the five protected grounds under the INA in her petition for review, these issues are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

■ Even if Weng had not waived the issue regarding the son of the village cadre, any challenge to the IJ's determination would be unavailing. Assuming that Weng had successfully argued that she was a member of a particular social group, *i.e.,* young, unmarried women in rural China, who was singled out by the son of the village cadre for forced marriage, the attempted rape and harassment by the son of the village cadre may have amounted to past persecution. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216, 1985 WL 56042 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"). However, Weng failed to establish that she had a well-founded fear of persecution. Weng

did not present any evidence that the son remains interested in pursuing her, now a married woman, or has continued to harass her family in the six years since her departure from China.

 Additionally, substantial evidence supports the IJ's finding that the evidence presented by Weng did not establish that she would be arrested and sterilized under the family planning policy if she returned to China and had more children. Weng failed to present any evidence that she—or even other parents of foreign-born children in her situation—would be targeted for forced sterilization or other persecution. In addition to currently being in compliance with the family planning policy, Weng has not presented any evidence that she has had conflicts with the family planning officials in the past that would indicate they would pursue her if she returned to China and had more children. In the absence of solid support in the record for Weng's assertion that she would be subjected to future persecution in China due to China's coercive population control practices, her fear is speculative at best. *Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005).

Moreover, Weng's argument that the IJ failed to make an individualized evaluation of her claims, as required by due process, is unavailing. An IJ need not specifically address each piece of evidence presented by the petitioner when she has given "reasoned consideration" to an application, and made adequate findings. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir.2006). Rather, the IJ is presumed to have "taken into account all of the evidence before [her], unless the record compellingly suggests otherwise." *Id.* Here, the record does not suggest that the IJ failed to consider Weng's evidence or claims.

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).